Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| DEVELOPERS OF AMERICA, INC.<br><br>Apelante<br><br>v.<br><br>JUSTINO CRUZ FIGUEROA, DIANE ORTIZ T/C/C DIANE ORTIZ URBISTONDO Y LA COMUNIDAD DE BIENES ENTRE JUSTINO CRUZ FIGUEROA Y DIANE ORTIZ T/C/C DIANE ORTIZ URBISTONDO<br><br>Apelados | TA2025AP00685 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso núm.: FA2024CV00361<br><br>Sobre: Sentencia Declaratoria y Desahucio Ordinario |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio

Sánchez Ramos, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de enero de 2026.

Por la vía sumaria, el Tribunal de Primera Instancia ("TPI") desestimó una demanda de sentencia declaratoria y desahucio. Según se explica en detalle a continuación, concluimos que erró el TPI al adjudicar la moción de sentencia sumaria sin brindarle una oportunidad razonable a la parte demandante de oponerse a los méritos de la referida moción.

I.

En abril de 2024, Developers of América, Inc. (el "Demandante"), presentó la acción de referencia, sobre Sentencia Declaratoria y Desahucio (la "Demanda"), en contra del Sr. Justino Cruz Figueroa y su ex-esposa, la Sra. Diane Ortiz Urbistondo (los "Demandados"). El Demandante alegó que, desde el 2003, es dueño de una finca ubicada en el barrio Las Cabezas del municipio de Fajardo (la "Finca"). Afirmó que la Finca está ocupada por los Demandados y negó que estos hubiesen válidamente adquirido la Finca de unos dueños anteriores (el Sr. Raúl González Castro y la

Sa. Carmen D. Pereira Figueroa, o los "Vendedores"). El Demandante solicitó al TPI que lo declarase titular de la Finca y ordenara el desalojo de los Demandados.

Por su parte, los Demandados contestaron la Demanda y reconvinieron. Alegaron que, en el 2003, el Demandante no adquirió la Finca, sino que dicha parte únicamente acordó con ellos que desarrollaría un proyecto en la Finca y que se compartirían las ganancias entre ambas partes. Sin embargo, a la misma vez, alegaron que parte del acuerdo fue que, si el proyecto no obtuviese los permisos necesarios, el Demandante "retornará la titularidad del predio a los dueños originales". Alegaron que, como los permisos no se obtuvieron, la Finca era de ellos.

Al cabo de varios incidentes procesales, y luego de concluido el descubrimiento de prueba, el **31 de octubre de 2025** los Demandados presentaron una Moción de Sentencia Sumaria (la "Moción").[1]

Ese mismo día, el TPI emitió la siguiente orden[2]: "Tenga la parte demandante hasta el **20 de noviembre de 2025** para presentar su oposición a la solicitud de Sentencia Sumaria".

El **3 de noviembre**, el Demandante presentó una *Moción Solicitando se Declare No Ha Lugar de Plano Moción de Sentencia Sumaria[3]*. Planteó que la Moción debía ser denegada de plano porque fue presentada fuera del término provisto por las Reglas de Procedimiento Civil.

En respuesta a esa última moción, **el mismo 3 de noviembre**, el TPI notificó lo siguiente (énfasis suplido):

> Presentada la sentencia sumaria y su correspondiente oposición, el asunto queda sometido ante la consideración del Tribunal.
> **NO SE ACEPTARÁN más mociones en replica o duplicas con relación a las mociones sumarias.**

---

[1] Entrada #100 del SUMAC del TPI.
[2] Entrada #101 del SUMAC del TPI.
[3] Entrada #105 del SUMAC del TPI.

**Cualquier moción presentada antes de que el Tribunal resuelva, NO SERÁ CONSIDERADA**. [4]

El **6 de noviembre**, notificada al día siguiente, el TPI emitió una Sentencia Sumaria[5] (la "Sentencia"), mediante la cual declaró con lugar la Moción y, por tanto, ordenó la desestimación de la Demanda con perjuicio. Además, ordenó al Demandante retornar la titularidad de la Finca a los Demandados y le condenó a pagar $15,000.00 por concepto de honorarios de abogado.

Inconforme, el **20 de noviembre,** el Demandante solicitó la reconsideración de la Sentencia[6]; subrayó que, al dar por sometida la Moción, todavía faltaban 13 días del término originalmente concedido para oponerse a los méritos de la Moción, por lo cual no fue razonable que se le prohibiera presentar un escrito con dicho fin. Como parte del escrito, el Demandante presentó sus objeciones a los méritos de la Moción, y el mismo fue acompañado con varios anejos.

Mediante una Orden notificada el mismo día (**20 de noviembre**), el TPI denegó la referida moción de reconsideración por vía de un escueto "NO HA LUGAR".

El 17 de diciembre, el Demandante presentó la apelación que nos ocupa. Como cuestión de umbral, insistió en que el TPI debió rechazar la Moción por tardía, al haberse presentado cuatro meses luego de culminado el descubrimiento de prueba. Arguyó que el TPI erró al no brindarle la oportunidad de oponerse a los méritos de la Moción dentro del término que el propio TPI había dispuesto para ello. En cuanto a los méritos de la Moción, planteó que se debió denegar porque, como los Demandados nunca le pagaron a los Vendedores por la Finca, el Demandante válidamente compró la Finca de los Vendedores en el 2003, con el conocimiento de los

---

[4] Entrada #106 del SUMAC del TPI.
[5] Entrada #109 del SUMAC del TPI.
[6] Entrada #110 del SUMAC del TPI.

Demandados.  Negó que el problema con el desarrollo de la Finca estuviese relacionado con una ausencia de permisos; en vez, afirmó que ello se debía a la "permanencia, renuencia y temeridad de la parte demandada en continuar ocupando la propiedad … obstruyendo el comienzo del proyecto."

Los Demandados presentaron su alegato en oposición.  En lo pertinente, arguyeron que fue el Demandante quien optó por solicitar que la Moción se denegara de plano por tardía, "en vez de radicar su posición en hechos y derecho en cuanto" a la Moción.  Resolvemos.

II.

**A.** Sentencia Sumaria

La sentencia sumaria es un mecanismo procesal que se utiliza para lograr la solución justa, rápida y económica de una controversia donde resulta innecesario celebrar un juicio en su fondo.  *Meléndez González v. M. Cuebas, Inc.*, 193 DPR 100, 109 (2015).  Este mecanismo procede cuando no existe una controversia real sobre hechos materiales.  Un hecho es material cuando puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable.  *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).  Si se concluye que "existe una controversia real y sustancial sobre hechos relevantes y pertinentes", no procede dictar sentencia sumaria.  *Id.*

La Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, indica los requisitos que tanto el proponente de la sentencia sumaria, como al que se opone a la misma, deben satisfacer.  La moción de sentencia sumaria debe contener: una exposición breve de las alegaciones de las partes, los asuntos litigiosos en controversia, la causa de acción sobre la cual se solicita la sentencia sumaria, una relación concisa y organizada en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay

controversia, con indicación de los párrafos o páginas de la prueba documental donde se establecen los mismos, la argumentación del derecho aplicable y el remedio que se solicita. 32 LPRA Ap. V, R. 36.3(a).

De igual forma, la parte que se opone a la sentencia sumaria tiene que cumplir con las exigencias de la Regla 36. En particular, debe enumerar aquellos hechos materiales de buena fe controvertidos y aquellos sobre los cuales no hay controversia. En ambos casos, por cada hecho, se tienen que indicar los párrafos o páginas de la prueba documental que establecen o impugnan ese hecho. 32 LPRA Ap. V, R. 36.3(b).

Así pues, la parte que se opone a que se dicte sentencia sumariamente "no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica, como lo haya hecho la parte promovente". 32 LPRA Ap. V, R. 36.3(c). Los hechos enumerados en la moción de sentencia sumaria que no sean debidamente controvertidos podrán considerarse admitidos. 32 LPRA Ap. V, R. 36.3(d). De igual forma, "[e]l tribunal no tendrá la obligación de considerar aquellos hechos que no han sido específicamente enumerados". *Id.*

**B.** Discreción judicial

La discreción "es el más poderoso instrumento reservado a los jueces". *Rodríguez v. Pérez*, 161 DPR 637, 651 (2004); *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *García López y otro v. E.L.A.*, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para

llegar a una conclusión justiciera". *Citibank et al., supra*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).

Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". *Hietel v. PRTC*, 182 DPR 451, 459 (2011); *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001); *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

Por otro lado, "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al.*, 200 DPR a la pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, **incurrió en craso abuso con el ejercicio de la discreción**, o que incurrió en error manifiesto". *Citibank et al.,* 200 DPR a la pág. 736. Véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). (Énfasis nuestro).

**C.** Debido proceso de ley

El Artículo II, Sección 7, de la Constitución del Estado Libre Asociado de Puerto Rico prohíbe que cualquier persona sea privada de su libertad o propiedad sin un debido proceso de ley. Const. de P.R., Art. II, Sec. 7, LPRA, T. I. El concepto del debido proceso de ley se manifiesta en dos vertientes distintas: la sustantiva y la procesal. En lo pertinente, la vertiente procesal, se centra en garantizar procedimiento justo y equitativo ante acciones estatales que interfieran con intereses privados. *Garriga Villanueva v. Mun. de San Juan*, 176 DPR 182, 196 (2009).

Todo procedimiento adversativo debe cumplir con unos requisitos básicos para satisfacer las exigencias del debido proceso, a saber: (1) una notificación adecuada; (2) que el proceso se celebre ante un juez imparcial; (3) **la oportunidad de ser oído y defenderse**; (4) el derecho a contrainterrogar a los testigos y a examinar evidencia presentada en su contra; (5) contar con la asistencia de un abogado; y (6) que la decisión se base en el récord. Véase, *Vázquez González v. Mun. San Juan,* 178 DPR 636, 643 (2010); *Hernández v. Secretario,* 164 DPR 390, 395-396 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881, 889 (1993). (Énfasis nuestro).

### III.

Como cuestión de umbral, concluimos que el TPI tenía autoridad para permitir la presentación de, y así considerar, la Moción, a pesar del tiempo transcurrido desde el cierre del descubrimiento de prueba. En términos generales, el TPI tiene autoridad para variar los términos reglamentarios aplicables en el trámite de una acción civil. Véase la Regla 68.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 68.2. En este caso, no podemos concluir que el TPI haya ejercido dicha autoridad de un modo arbitrario o irrazonable.

No obstante, concluimos que constituyó un patente abuso de discreción que el TPI no le permitiese al Demandante oponerse a los méritos de la Moción dentro del término inicial que el propio tribunal estableció para ello. El simple hecho de que el Demandante hubiese, al comienzo de dicho término, presentado una solicitud de que se denegase la Moción por tardía, no constituye una razón válida para privar al Demandante de, ni una renuncia de dicha parte a, su derecho a oponerse a los méritos de la Moción dentro del término concedido por el tribunal. Al así actuar, el TPI abusó de su discreción y despojó al Demandante de uno de los más elementales

principios del debido proceso de ley: el derecho a ser oído y defenderse.

En efecto, adviértase que, el 31 de octubre, el TPI había concedido 20 días al Demandante para oponerse a la Moción (hasta el 20 de noviembre). El tercer día del término (3 de noviembre), el Demandante solicitó que se denegara de plano la Moción, por tardía. Ese mismo día, en ocasión de denegar esta solicitud, el TPI, de forma inexplicable, dio por sometida la Moción y explícitamente le prohibió al Demandante presentar una oposición a los méritos de la Moción. No podemos concebir, ni el TPI ofreció, razón válida alguna para impedir que el Demandante se opusiera a los méritos de la Moción, cuando (i) el primer término concedido para ello apenas comenzaba a transcurrir y (ii) no surge del récord alguna conducta del Demandante que ameritase tan extrema e inusual medida. Aunque, en el contexto de solicitar la reconsideración de la Sentencia, el Demandante se opuso a los méritos de la Sentencia, no tenemos forma de constatar que esto haya sido realmente considerado por el TPI porque, al denegarse la reconsideración, el TPI se limitó a consignar un escueto "NO HA LUGAR".

Por tanto, al continuar los procedimientos de este caso, el TPI deberá proveer un término razonable al Demandante para presentar una oposición formal a la Moción y, luego de ello, deberá adjudicar la Moción con el beneficio de haber considerado dicha oposición.

IV.

Por los fundamentos que anteceden, se revoca la sentencia apelada y se devuelve el caso al Tribunal de Primera Instancia para trámites ulteriores compatibles con lo aquí resuelto y expuesto.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones